IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARCELLOUS ADAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 04-0697-CV-W-ODS |
| | ) | Crim. No. 03-00159-01-CR-W-ODS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION DENYING MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion (Doc. # 1) is denied.

In May 2003 Movant was indicted on four counts of mail fraud. The Government dismissed Counts One and Two shortly before trial, which commenced on January 5, 2004. On the second day of trial Movant elected to change his plea to guilty without the benefit of a written plea agreement. Both parties filed objections to the Preliminary Presentence Investigation Report, the resolution of which would have a significant impact on Movant's sentence and the sentencing options available to the Court. The parties reached an agreement on these disputed matters immediately prior to the sentencing hearing on April 27, 2004. At the Court's request, the Assistant United States Attorney was asked to state the parties' agreement:

> It's my understanding that the parties have agreed that base offense level 12 shall apply in this case. That provides for a guideline sentence of 10 to 16 months. Parties have agreed that an appropriate sentence would be nine months confinement and one month home detention, as I understand it, along with the other factors including restitution if the Court deems appropriate. The parties have also agreed that this will in effect end the case, that there will be no appeal from this decision nor will there be any post conviction relief claims filed. And any objections made to the presentence report heretofore will be withdrawn.

Sentencing Transcript at 2-3. Both Movant and his counsel confirmed this to be their understanding of the agreement. Sentencing Transcript at 3. The Court then specifically confirmed Movant understood "that as a part of that resolution you give up any rights you might otherwise have to appeal either your conviction or the sentence," including "what is commonly known as the 2255 or post conviction type relief where you seek to challenge the constitutionality of the underlying conviction." Sentencing Transcript at 3-4. Movant was sentenced to a split sentence of nine months custody and one month of home detention, along with three years of supervised release. In addition, Movant was ordered to pay restitution in the amount of $82,958.38.

Movant did not appeal his sentence. Instead, on August 10, 2004, Movant filed the instant application for postconviction relief, raising arguments regarding the amount of restitution. The Government filed a response; in addition, at the Court's direction, the Government filed a Supplemental Brief addressing the potential impact of United States v. Booker, 125 S. Ct. 738 (2005).

The Government correctly observes that Movant waived not only his right to appeal but also his right to seek postconviction relief. Such agreements are enforceable. E.g., Chesney v. United States, 367 F.3d 1055, 1057 (8th Cir. 2004). In this case, Movant's agreement was part of a larger *quid pro quo* in that both parties withdrew certain arguments, made concessions, and reached a compromise rather than submit their disputes to the Court for resolution. Movant surrendered the right to seek postconviction relief as part of the bargain he struck with the Government; he cannot resurrect that right.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: April 27, 2005    UNITED STATES DISTRICT COURT